UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| DOMONIC ANTONIO COOPER, | ) | No. ED CV 16-949-PSG (PLA) |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| SAN BERNARDINO SHERIFF DEPARTMENT, et al., | ) ) ) | |
| Defendants. | ) ) | |

On May 10, 2016, plaintiff, a California state prisoner presently held at Kern Valley State Prison, in Delano, California, filed a *pro se* civil rights action herein pursuant to 42 U.S.C. § 1983. He subsequently was granted leave to proceed without prepayment of the full filing fee. In his Complaint, plaintiff purports to raise several claims arising from incidents that took place from March 2013 through October 2015 while he was a detainee at the West Valley Detention Center ("WVDC") in Rancho Cucamonga. (Complaint at 2-10). Plaintiff names as defendants the San Bernardino County Sheriff's Department ("Sheriff's Department") and seventeen individual defendants alleged to be lieutenant or deputy sheriffs, medical employees, or other employees at the WVDC. (Id. at 3-10). Plaintiff seeks damages. (Id. at 19).

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court has screened the Complaint prior to ordering service for the purpose of determining whether

the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915A, 1915(e)(2); 42 U.S.C. § 1997e.

The Court's screening of the pleading under the foregoing statutes is governed by the following standards. A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Rosati v. Igbinoso, 791 F.3d 1037, 1039 (9th Cir. 2015) (in determining whether a complaint should be dismissed under the PLRA, courts apply the standard of Fed. R. Civ. P. 12(b)(6)). Further, with respect to a plaintiff's pleading burden, the Supreme Court has held that: "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. … Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)); Lazy Y Ranch LTD v. Behrens, 546 F.3d 580, 588 (9th Cir. 2008) ("To survive a motion to dismiss for failure to state a claim, the plaintiff must allege 'enough facts to state a claim to relief that is plausible on its face.'" (citing Twombly, 550 U.S. at 570)). Since plaintiff is appearing *pro se*, the Court must construe the allegations of the pleading liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 623 (9th Cir. 1988). Finally, in determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the "tenet that

a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678.

After careful review of the Complaint under the foregoing standards, the Court finds that plaintiff's allegations appear insufficient to state a claim against any named defendant. Accordingly, the Complaint is dismissed with leave to amend. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a *pro se* litigant must be given leave to amend his complaint unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment).

**If plaintiff desires to pursue this action, he is ORDERED to file a First Amended Complaint no later than June 20, 2016, remedying the deficiencies discussed below. Further, plaintiff is admonished that if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice.[1]**

**DISCUSSION**

**A. PLAINTIFF'S COMPLAINT FAILS TO STATE A SHORT AND PLAIN STATEMENT IN COMPLIANCE WITH FEDERAL RULE OF CIVIL PROCEDURE 8.**

Plaintiff's Complaint fails to comply with Federal Rule of Civil Procedure 8(a) and 8(d). Fed. R. Civ. P. 8(a) states:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) **a short and plain statement of the claim showing that the pleader is entitled to relief**; and (3) a demand for the relief

---

[1] Plaintiff is advised that this Court's determination herein that the allegations in the Complaint are insufficient to state a particular claim should not be seen as *dispositive* of that claim. Accordingly, while this Court believes that you have failed to plead sufficient factual matter in your Complaint, accepted as true, to state a claim to relief that is plausible on its face, you are not required to omit any claim or defendant in order to pursue this action. However, if you decide to pursue a claim in a First Amended Complaint that this Court has found to be insufficient, then this Court, pursuant to the provisions of 28 U.S.C. § 636, ultimately will submit to the assigned district judge a recommendation that such claim be dismissed with prejudice for failure to state a claim, subject to your right at that time to file Objections with the district judge as provided in the Local Rules Governing Duties of Magistrate Judges.

1         sought, which may include relief in the alternative or different types of
2         relief.

3 (Emphasis added). Rule 8(d)(1) provides: "Each allegation **must be simple, concise, and direct**. No technical form is required." (Emphasis added). Although the Court must construe a *pro se* plaintiff's pleadings liberally, a plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. See, e.g., Brazil v. United States Department of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (complaint must give defendants fair notice of the claims against them). If a plaintiff fails to clearly and concisely set forth allegations sufficient to provide defendants with notice of which defendant is being sued on which theory and what relief is being sought against them, the complaint fails to comply with Rule 8. See, e.g., McHenry v. Renne, 84 F.3d 1172, 1177-79 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 674 (9th Cir. 1981). Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. See McHenry, 84 F.3d at 1179; Nevijel, 651 F.2d at 673.

      First, the cover page of the Complaint lists what appear to be ten "claims," but in the body of the Complaint, plaintiff lists eight pages each alleging a separate "Claim I." In addition, at the top of some of the pages listing the defendants, plaintiff appears to reference dates that pertain to some, but not all, of the "claims" listed on the cover page. (See Complaint at 1, 3-18). Plaintiff also attaches to the Complaint a multi-page "Cause [sic] of Action" that references some of the "claims" listed on the title page, but the attachment is not referenced within the Complaint. (See Doc. No. 1 at 20-23). Because not all of the "claims" listed on the cover page appear to be alleged in the body of the Complaint, some of the claims within the Complaint appear to be combined with other claims (for example, "cruel and unusual punishment" is listed together with "unsafe environment," "sexual assault," and "excessive force" (Complaint at 3, 5, 8)), and some, but not all, of the "claims" are referenced in the attachment to the Complaint, it is unclear to the Court the number of claims that plaintiff is purporting to raise in his Complaint.

1    Second, in most of his "claims," plaintiff does not reference any of the named defendants.
2 Although plaintiff alleges that he was assaulted by two defendants, Deputies Lopez and Reynolds
3 (Complaint at 15, Doc. No. 1 at 21), and that two other defendants, Deputies Teyechea and
4 Jacobson, sexually assaulted him (Complaint at 18, Doc. No. 1 at 21), plaintiff does not appear
5 to set forth specific factual allegations against most of the named defendants. However, in order
6 to state a claim against a particular defendant for violation of his civil rights under 42 U.S.C. §
7 1983, plaintiff must allege that a specific defendant deprived him of a specific right guaranteed
8 under the Constitution or a federal statute. See West v. Atkins, 487 U.S. 42, 48, 108 S. Ct. 2250,
9 101 L. Ed. 2d 40 (1988); Karim-Panahi, 839 F.2d at 624. "A person deprives another 'of a
10 constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in
11 another's affirmative acts, or omits to perform an act which he is legally required to do that *causes*
12 the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.
13 1988), quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (emphasis in original). Here,
14 plaintiff's Complaint fails to set forth factual allegations that each named defendant took an
15 affirmative act, participated in another's affirmative act, or omitted to perform an act that he or she
16 was legally required to do that allegedly caused any constitutional deprivation.

17    Third, it appears to the Court that plaintiff may be purporting to raise federal civil rights
18 claims arising from incidents that he alleges impacted the outcome of his trial. Plaintiff alleges that
19 his "right to trial" without cruel and unusual punishment[2] was violated (Complaint at 1, 12), that the
20 bailiff at his trial "cussed" plaintiff and made it impossible for plaintiff to get his hair cut, and that
21 he was "hazed by the 'trial bailiff' during sentencing" (Doc. No. 1 at 22). In addition, plaintiff
22 alleges that he was deprived of "psyche medication" and mental health treatment during trial, and
23 that this deprivation caused him to suffer "extreme duress before and during trial." (Complaint at
24 16). Further, plaintiff appears to allege that he fired his lawyer during trial because plaintiff did not
25 have his "psych. medication." (Complaint at 19). To the extent that plaintiff is purporting to allege

---

[2]    The Court notes that no such federal constitutional right exists. As set forth below, the Cruel and Unusual Punishment Clause of the Eighth Amendment does not apply until an individual has been convicted of a crime.

that he was convicted at trial because he was not receiving adequate medical treatment or that his trial or sentencing was impacted by the conduct of the bailiff, such claims may not be raised as a federal civil rights claim. A petition for habeas corpus is a prisoner's sole judicial remedy when attacking "the validity of the fact or length of … confinement." Preiser v. Rodriguez, 411 U.S. 475, 489-90, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973); Young v. Kenny, 907 F.2d 874, 875 (9th Cir. 1990). Thus, plaintiff may not use a civil rights action to challenge the validity of his continued incarceration, seek expungement of his disciplinary conviction(s), or seek the restoration of any lost good-time credits. Such relief only is available in a habeas corpus action. Further, to the extent that plaintiff may be attempting to use a civil rights action to seek monetary damages for an allegedly unlawful conviction where success would *necessarily* implicate the fact or duration of his confinement, his claims are not cognizable under § 1983 unless and until plaintiff can show that "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Under Heck, if a judgment in favor of a plaintiff on a civil rights action necessarily will imply the invalidity of his or her conviction or sentence, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence already has been invalidated. Id. Thus:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- **if** success in that action would necessarily demonstrate the invalidity of confinement or its duration.

Wilkinson v. Dotson, 544 U.S. 74, 125 S. Ct. 1242, 1248, 161 L. Ed. 2d 253 (2005) (emphasis in original); see also Skinner v. Switzer, 562 U.S. 521, 525, 131 S, Ct, 1289, 179 L. Ed. 2d 233 (2011) ("Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983."). Here, plaintiff does not allege that his conviction has been invalidated. Therefore, plaintiff may not seek monetary damages for any alleged civil rights violation that necessarily implicates his conviction.

Accordingly, it is not clear to the Court how many federal civil rights claims plaintiff is

purporting to raise or what the legal or factual basis may be for each of plaintiff's federal civil rights claims. The Court is mindful that, because plaintiff is appearing *pro se*, the Court must construe the allegations of the Complaint liberally and must afford plaintiff the benefit of any doubt. See Karim-Panahi, 839 F.2d at 623. Additionally, it is particularly important in a civil rights case filed by a *pro se* inmate to attempt to ascertain plaintiff's claims to protect his access to the courts. See Blaisdell v. Frappiea, 729 F.3d 1237, 1241 (9th Cir. 2013) (the rule that courts liberally construe filings by *pro se* litigants, especially in civil rights cases filed by inmates, "relieves *pro se* litigants from the strict application of procedural rules"); Pouncil v. Tilton, 704 F.3d 568, 575-76 (9th Cir. 2012) (the rule of liberal construction "protects the rights of *pro se* litigants to self-representation and meaningful access to the courts"); Alvarez v. Hill, 518 F.3d 1152, 1158 (9th Cir. 2008) (because a prisoner was proceeding *pro se*, "the district court was required to 'afford [him] the benefit of any doubt' in ascertaining what claims he 'raised in his complaint'") (alteration in original). That said, the Supreme Court has made it clear that the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 159 L. Ed. 2d 338 (2004); see also Noll, 809 F.2d at 1448 ("courts should not have to serve as advocates for *pro se* litigants"). Further, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973 (9th Cir. 2004).

Although plaintiff need not set forth detailed factual allegations, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555-56). A pleading that merely alleges "naked assertion[s] devoid of further factual enhancement" is insufficient. Id. (alteration in original, internal quotation marks omitted). In its present format, it would be extremely difficult for each defendant to discern what specific facts or legal theories apply to which potential claims, and, as a result, it would be extremely difficult to formulate applicable defenses.

Therefore, the Court finds that plaintiff's Complaint fails to comply with Rule 8.

**B.     PLAINTIFF'S ALLEGATIONS ARE INSUFFICIENT TO STATE ANY CLAIM AGAINST THE SHERIFF'S DEPARTMENT.**

Plaintiff lists the Sheriff's Department as a defendant, and alleges that he has developed a medical condition "due to suffering in Sheriff [sic] custody." (Complaint at 10-11). To the extent that plaintiff may be purporting to state a claim against the Sheriff's Department pursuant to Monell v. New York City Department of Social Servs., 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978), the Supreme Court in Monell held that a local government entity "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell, 436 U.S. at 694; see also Connick v. Thompson, 563 U.S. 51, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011) ("local governments are responsible only for their own illegal acts"). Here, the Complaint fails to set forth any allegations that any specific policy or custom of the Sheriff's Department was the "actionable cause" of a specific constitutional violation. See Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1146 (9th Cir. 2012) ("Under Monell, a plaintiff must also show that the policy at issue was the 'actionable cause' of the constitutional violation, which requires showing both but for and proximate causation."). In addition, liability against a local government entity may not be premised on an isolated or sporadic incident. See, e.g., Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); Thompson v. Los Angeles, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), overruled on other grounds, Bull v. City & County of San Francisco, 595 F.3d 964, 981 (9th Cir. 2010) (en banc). Here, plaintiff's Complaint does not appear to set forth factual allegations concerning a practice of the Sheriff's Department that was a "traditional method of carrying out policy."

Accordingly, the Court finds that plaintiff's Complaint fails to allege sufficient facts to state

more than a speculative civil rights claim against the Sheriff's Department.[3]

## C. PLAINTIFF MAY BE ABLE TO STATE A CLAIM FOR THE EXCESSIVE USE OF FORCE.

It appears to the Court that the factual allegations in the Complaint all pertain to incidents that took place while plaintiff was a detainee. Accordingly, any claim for the excessive use of force by a deputy sheriff would arise under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. See Kingsley v. Hendrickson, 135 S. Ct. 2466, 2473, 192 L. Ed. 2d 416 (2015) ("We have said that the Due Process Clause protects a pretrial detainee from the use of excessive force that amounts to punishment." (internal quotation marks omitted)); Gibson v. County of Washoe, 290 F.3d 1175, 1187 (9th Cir. 2002) (if plaintiff "had not been convicted of a crime, but had only been arrested, [then] his rights derive from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment"); see also Bell v. Wolfish, 441 U.S. 520, 537 n.16, 99 S. Ct. 1961, 60 L. Ed. 2d 447 (1979) (noting that "the Due Process Clause rather than the Eighth Amendment" is relied on in considering claims of pretrial detainees because "Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions"). "[T]o prove an excessive force claim, a pretrial detainee must show … only that the officers' use of … force was objectively unreasonable," not "that the officers were *subjectively* aware that their use of force was unreasonable." Kingsley, 135 S. Ct. at 2470 (emphasis in original).

In his Complaint, plaintiff purports to be raising several claims of "cruel and unusual

---

[3] In his Complaint, plaintiff names most of the individual defendants in their official as well as individual capacities. However, the Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72, 105 S. Ct. 873, 83 L. Ed. 2d 878 (1985). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166 (emphasis in original). It follows from the Court's finding that the allegations in the Complaint are insufficient to state a federal civil rights claim against the Sheriff's Department that the allegations also are insufficient to state any federal civil rights claim against the individual defendants in their official capacities.

1  punishment" or "excessive force," and he alleges that he was sexually assaulted by deputies.
2  (See Complaint at 3, 5-8, 15, 18, Doc. No. 1 at 21). Because it appears that plaintiff was a pretrial
3  detainee at the time all of the incidents alleged in the Complaint took place, the Cruel and Unusual
4  Punishment Clause of the Eighth Amendment does not apply to his claims. Accordingly, to the
5  extent that plaintiff is purporting to allege that the use of force by a specific defendant was
6  objectively unreasonable on a specific occasion, he should set forth **a short and plain statement**
7  of each such claim.

************

**If plaintiff desires to pursue this action and files a First Amended Complaint, it should be filed no later than June 20, 2016**; bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint, or any other pleading, attachment or document. Further, if plaintiff chooses to proceed with this action, plaintiff must use the blank Central District civil rights complaint form accompanying this order, must sign and date the form, **must completely and accurately fill out the form**, and must use the space provided in the form to set forth all of the claims that he wishes to assert in a First Amended Complaint.

The Clerk is directed to provide plaintiff with a blank Central District civil rights complaint form.

**Further, plaintiff is admonished that, if he fails to timely file a First Amended Complaint or fails to remedy the deficiencies of this pleading as discussed herein, the Court will recommend that the action be dismissed with prejudice.**

**IT IS SO ORDERED**.

DATED: May 20, 2016

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE